IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MALCUM LEE JOHNSON                                                            PLAINTIFF

v.                                         CIVIL NO. 21-6068

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Malcum Lee Johnson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for SSI on July 18, 2019, alleging an inability to work due to polycythemia, anxiety, irritable bowel syndrome, chronic pain syndrome, migraines, asthma, arthritis, high blood pressure and possible porphyria. (Tr. 49, 136). An administrative telephonic hearing was held on August 11, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 28-46).

By written decision dated September 28, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Specifically, the ALJ found Plaintiff had the following severe impairments: polycythemia, irritable bowel syndrome, migraine headaches, osteoarthritis, depression and anxiety. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 13).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 416.967(b) except he can perform only occasional stooping and crouching. He cannot work around respiratory irritants and is restricted to inside work with access to [an] on-site bathroom. The claimant is able to perform work where interpersonal contact is incidental to the work performed, incidental is defined as interpersonal contact requiring a limited degree of interaction such as meeting and greeting the public, answering simple questions, and accepting payment and making change. He can perform work where the complexity of tasks can be learned by demonstration or repetition within 30 days, with few variables, little judgment, and the supervision required is simple, direct, and concrete.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a cafeteria attendant, and a cashier.

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on March 30, 2021. (Tr. 1-5).  Subsequently, Plaintiff filed this action.  (ECF No. 2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 14,[2] 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind

---

[2] The Court notes that Plaintiff's appeal brief exceeded the page limitation set forth in the Scheduling Order dated September 9, 2021. (ECF No. 13). With future cases, Plaintiff's counsel should file a motion requesting permission to file a brief that exceeds the page limitation before filing the brief.

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following point on appeal: The ALJ erred in failing to properly assess Plaintiff's symptoms of chronic fatigue, pain and other symptoms related to his polycythemia vera. (ECF No. 14). Defendant argues that the ALJ properly evaluated Plaintiff's polycythemia vera, and that substantial evidence supports the ALJ's RFC assessment. (ECF No. 15). The Court has reviewed the entire transcript and the parties' briefs.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the non-examining agency medical consultants and a treating physician; Plaintiff's subjective complaints; and his medical records. The ALJ specifically discussed the opinions of the non-examining medical consultants (Drs. Laurie Clemens, Michael Hazlewood, Dan Gardner and William Harrison), and one of Plaintiff's treating physicians (Dr. Michael C. Cloud). With each provider, the ALJ stated how persuasive he found each medical opinion and articulated the basis for his finding. As addressed by the ALJ, the medical records revealed Plaintiff responded well to treatment, and that Plaintiff reported significant improvement in January of 2020. *See Julin v. Colvin*, 826 F.3d 1082, 1087 (8th Cir.

2016) (evidence of relief from medication supports ALJ's findings that complaints were not fully credible). While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's argument on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 22nd day of April 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE